IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF RHODE ISLAND

MICHELINE MOORE, Individually, and on behalf of all the heirsof the Estate of JOHN C. MOORE, Deceased,

CA 05 252 T

VS.

No. ____________________

A.W. CHESTERTON COMPANY, ANCHOR PACKING COMPANY, ASARCO INCORPORATED, AVENTIS CROPSCIENCE USA, INC., Successor to Amchem Products Inc., and its Benjamin Foster Division, CERTAINTEED CORPORATION, CRANE COMPANY CROWN CORK & SEAL CO., INC., CSR AMERICA, DANA CORPORATION, DURABLA MANUFACTURING COMPANY, DURAMETALLIC CORPORATION, FOSTER WHEELER CORPORATION, GARLOCK SEALING TECHNOLOGIES LLC, in its own right and as successor in interest to GARLOCK, INC., GENERAL REFRACTORIES COMPANY, GEORGIA-PACIFIC CORPORATION, GREFCO INCORPORATED, INDUSTRIAL HOLDINGS CORPORATION, F/K/A CARBORUNDUM CO., INGERSOLL-RAND COMPANY, JOHN CRANE, INC., METROPOLITAN LIFE INSURANCE COMPANY, 3M COMPANY, OWENS-ILLINOIS, INC., RAPID AMERICAN CORPORATION, RHONE-POULENC AG COMPANY, Successor to Amchem Products, Inc., and its Benjamin Foster Division, UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC., UNIROYAL, INC. VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a Westinghouse Electric Corporation,

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, Micheline Moore, Individually, and on behalf of all the heirs of the Estate of John C. Moore, deceased, hereinafter referred to as Plaintiff, complaining of 3M Company, a/k/a Minnesota Mining & Manufacturing Company; The Anchor Packing Company; Asarco Incorporated; Aventis Cropscience USA, Inc., f/k/a Amchem Products, Inc.; A.W. Chesterton Company; CertainTeed Corporation; Crane Company; Crown Cork & Seal Company USA, Inc., f/k/a Crown Cork & Seal Co., Inc.; CSR America; Dana Corporation; Durabla Manufacturing Company; Durametallic Corporation; Foster Wheeler Energy Corporation; Garlock, Inc.; General Refractories Company; Georgia-Pacific Corporation; Grefco Incorporated; Industrial Holdings Corporation, f/k/a Carborundum Co.; Ingersoll-Rand Company, in its own right and Successor in Interest to Terry Steam Turbine Company; John Crane, Inc.; Metropolitan Life Insurance Company; Owens-Illinois, Inc.; Rapid-American Corporation; Rhone-Poulenc AG Company as successor to Amchem Products, Inc. and its Benjamin Foster Division, a Pennsylvania corporation; Uniroyal Holding Inc., f/k/a Uniroyal, Inc. and Uniroyal Rubber Company; and Viacom, Inc., Successor by Merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, hereinafter referred to as Defendants, and files this original Complaint and would respectfully show the Court as follows:

I.

2. Plaintiff, Micheline Moore, Individually, and on behalf of all the heirs of the Estate of John C. Moore, deceased is a citizen of Ontario, Canada. Defendants are corporations organized under the laws of the various states of the United States with their principle place of business in the various states of the United States. All defendants are doing business in Rhode Island. None of the defendants are corporations organized or existing under the laws of Canada. Furthermore, none of the defendants has their principle place of business located in Canada. A complete diversity of citizenship exists between Plaintiff and defendants as the Plaintiff is a citizen of Canada and the defendants are citizens of the United States, and the amount in controversy exceeds a sum of $75,000, exclusive of interest and costs. All defendants are doing business and have in the past done business in the District of Rhode Island. Thus, the Court has jurisdiction over defendants pursuant to 28 USC § 1332. Venue is proper in the Rhode Island District Court pursuant to 28 USC . § 1391.

3. Asbestos cases filed in Federal Court are currently classified as "tag-along" cases which will be governed by multi-district litigation pending in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. The court in Philadelphia at this time controls jurisdiction of all asbestos cases being filed in the United States District Courts.

4. Defendant A.W. Chesterton Company is a Massachusetts corporation with its principal place of business in Massachusetts. At all relevant times it did business in the State of Rhode Island.

5. Defendant Anchor Packing Company is a New Jersey corporation with its principal place of business in North Carolina. At all relevant times it did business in the State of Rhode Island.

6. Defendant Asarco Incorporated is a New Jersey corporation with its principal place of business in New York. At all relevant times it did business in the State of Rhode Island.

7. Defendant Aventis Cropscience USA, Inc., successor to Amchem Products Inc, and its Benjamin Foster Division is a Delaware corporation with its principal place of business in Pennsylvania. At all relevant times it did business in the State of Rhode Island.

8. Defendant CertainTeed Corporation is a Delaware corporation with its principal place of business in Pennsylvania. At all relevant times it did business in the State of Rhode Island

9. The Defendant, Crane Company, is a Delaware Corporation with its principal place of business in Delaware. At all relevant times it did business in the State of Rhode Island.

10. Defendant Crown, Cork & Seal Company, Inc., is a New York corporation with its principal place of business in Pennsylvania. At all relevant times it did business in the State of Rhode Island.

11. Defendant CSR America is a Delaware corporation with its principal place of business in New Jersey. At all relevant times it did business in the State of Rhode Island.

12. Defendant Dana Corporation is a Virginia corporation with its principal place of business in Ohio. At all relevant times it did business in the State of Rhode Island.

13. Defendant Durabla Manufacturing Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all relevant times it did business in the State of Rhode Island.

14. Defendant Durametallic Corporation is a New Jersey corporation with its principal place of business in New Jersey. At all relevant times it did business in the State of Rhode Island.

15. Defendant Foster Wheeler Corporation is a New York corporation with its principal place of business in New Jersey. At all relevant times it did business in the State of Rhode Island.

16. Defendant Garlock Sealing Technologies LLC, in it's own right and as successor in interest to Garlock, Inc. is a New York corporation with its principal place of business in New York. At all relevant times it did business in the State of Rhode Island..

17. Defendant General Refractories is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all relevant times it did business in the State of Rhode Island.

18. Defendant Georgia-Pacific Corporation is a Georgia corporation with its principal place of business in Georgia. At all relevant times it did business in the State of Rhode Island.

19. Defendant Grefco Incorporated is a California corporation with its principal place of business in California. At all relevant times it did business in the State of Rhode Island.

20. Defendant Industrial Holdings Corporation is a New York corporation with its principal place of business in New Jersey. At all relevant times it did business in the State of Rhode Island.

21. Defendant Ingersoll-Rand Company is a New Jersey corporation with its principal place of business in New Jersey. At all relevant times it did business in the State of Rhode Island.

22. Defendant John Crane, Inc. is a Delaware corporation with its principal place of business in Illinois. At all relevant times it did business in the State of Rhode Island.

23. Defendant Metropolitan Life Insurance Company is a mutual life insurance company of the State of New York with its principal place of business in the State of New York. At all relevant times it did business in the State of Rhode Island.

24. Defendant 3M Company is a Delaware corporation with its principal place of business in Delaware. At all relevant times it did business in the State of Rhode Island.

25. Defendant Owens-Illinois, Inc. is a Ohio corporation with its principal place of business in Ohio. At all relevant times it did business in the State of Rhode Island.

26. Defendant Rapid American Corporation is a Delaware corporation with its principal place of business in Delaware. At all relevant times it did business in the State of Rhode Island. Through a series of corporate mergers, Rapid American Corporation expressly assumed all liabilities and debts of Philip Carey Manufacturing Company. Philip Carey Manufacturing Company has sufficient contracts with and/or did business in the State of Rhode Island such that it and all successor corporations including Rapid American Corporation has sufficient contracts and/or transacts business within the State of Rhode Island to subject them to the jurisdiction of this Court.

27. Defendant Rhone-Poulenc AG Company, Successor to Amchem Products, Inc. and its Benjamin Foster Division is a Delaware corporation with its principal place of business in Pennsylvania. At all relevant times it did business in the State of Rhode Island.

28. Defendant Union Carbide Chemicals and Plastics Company, Inc. is a New York corporation with its principal place of business in Connecticut. At all relevant times it did business in the State of Rhode Island.

29. Defendant Uniroyal, Inc. is a Connecticut corporation with its principal place of business in Connecticut. At all relevant times it did business in the State of Rhode Island.

30. Defendant Viacom, Inc. successor by merger to CBS Corporation is a New York corporation with its principal place of business in New York. At all relevant times it did business in the State of Rhode Island.

II.

31. Plaintiff would show that, while Decedent was working within the Canadian Province of Ontario, he was exposed to asbestos and asbestos fibers mined, manufactured, supplied and sold by said Defendants and placed into the stream of commerce by said Defendants which, as a result, caused Decedent to suffer severe and grievous injuries to his respiratory system and body in general.

32. Plaintiff allege that it was Defendants' negligence that resulted in Decedent working with and inhaling dangerous fibers produced by the products manufactured, supplied and sold by the above-named Defendants. Defendants owed a duty to Decedent, John C. Moore, not to place a defective and unreasonably dangerous product into the stream of commerce. Defendants breached this duty owed to Plaintiff and the injuries suffered by Decedent, John C. Moore were a direct and proximate result of the breach of that duty. This caused Decedent John C. Moore to become sick with an irreversible disease that is unique to exposure to asbestos. Decedent's injuries were a direct and proximate result of the unreasonably dangerous product and the Defendants' acts and omissions

as described above. Due to Defendants' negligence and failure to warn that exposure was dangerous, Decedent, John C. Moore, being the user of the products supplied by these Defendants, was unaware of any danger of exposure to Defendants' products and such failure to warn caused all injuries described herein.

III.

33. Plaintiff would further allege that Defendants owed Decedent, John C. Moore, a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce. Defendants have breached this duty to warn and such breach was a direct and proximate result of Plaintiff's injuries. Defendants were also negligent in failing to keep reasonably abreast of the literature in the field as to the dangerous propensities of the products in question and, in particular, asbestos fibers. Plaintiff would further show that Defendants failed to take reasonable means to discover the dangerous nature and propensities of these products, all of which acts or omissions were negligent and a proximate cause of the injuries to Decedent, John C. Moore.

IV.

34. Plaintiff assert that Defendants warranted their products to be reasonably fit for their intended use and made such warranties of a direct and implied nature. Plaintiff further allege that said Defendants warranted their product to be free from defect and, to the contrary, such a defect existed in the product before it left the manufacturer and that this defect caused Decedents injuries. Decedent, John C. Moore was a foreseeable user of the products and the products were being used in their intended manner at the time of the injury. Contrary to the direct and implied warranties of

Defendants, their respective products were not reasonably fit for their intended use and were the producing cause of the injuries to Decedent, John C. Moore. Plaintiff further assert that Defendants knew or should have known of the dangers of asbestos exposure to individuals situated such as the Decedent, John C. Moore , yet they took no measure to prevent such exposure or to minimize the same and totally failed and neglected to give any type of warning or alarm about the consequences of such exposure.

35. Plaintiff also alleges that the seller knew the purpose for which the product was required and that the buyer and user of the product relied on the seller's skill to furnish a suitable product free from defect. Defendants have breached such implied warranty that is the producing and/or proximate cause of the injuries of Plaintiff.

V.

36. Further, Plaintiff would show that Defendants, and each of them, placed into the stream of commerce a product that was defective and unreasonably dangerous which was a producing cause of Decedent, John C. Moore's injuries. Plaintiff alleges that the products manufactured and sold by Defendants were defective and unreasonably dangerous when they left the hands of the manufacturer. The products manufactured by Defendants and placed into the stream of commerce by Defendants contained a dangerous and disabling substance called asbestos.

VI.

37. Further pleading, Plaintiff would show that Defendants placed into the stream of commerce a product that was inherently and unreasonably dangerous, which rendered it unreasonably dangerous and defective in that it failed to contain adequate warnings of its dangerous

character to intended users, which was a producing cause of Decedent, John C. Moore's injuries. Plaintiff allege that Defendants failed to warn Plaintiff of the dangers that were known by said Defendants or that were reasonably foreseeable by said Defendants at the time the product was placed into the stream of commerce. Defendants' failure to warn was the producing cause of Decedent, John C. Moore's injuries.

VII.

38. Plaintiff alleges that Defendants and each of them acted in consort with each other and other entities to form an industry known as the asbestos industry. The said Defendants, acting separately and in consort with various representatives of said industry, committed acts and omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos containing products to users such as Decedent, John C. Moore. Plaintiff alleges that such conduct amounted to fraud and was proximate cause of Decedent, John C. Moore.

39. Plaintiff allege that Defendants misrepresented material facts and concealed or failed to disclose certain facts regarding the dangers of asbestos exposure which knowledge said Defendants knew at the time said products were introduced into the stream of commerce by Defendants. The Defendants' misrepresentations, when made, were false, and such statements were made recklessly. Further, the Defendants fraudulently concealed material facts with respect to the dangers of their asbestos products that caused the Decedent, John C. Moore to suffer injuries.

40. Further, the Defendants made such misrepresentations with the intent that they be acted upon and relied on by Plaintiff. In fact, Plaintiff acted in reliance upon said misrepresentations

and has suffered damages as a result, all of which were proximately caused by Defendants' fraud and misrepresentations.

41. Plaintiff further allege that by reason of the fact that Defendants knew the representations described above were false at the time they were made, the representations were willful and malicious and constitute conduct for which the law allows the imposition of exemplary damages. Further pleading, Plaintiff allege that Defendants' fraudulent concealment of material facts regarding the dangers of their asbestos products amount to willful and malicious conduct for which the law allows the imposition of exemplary damages.

VIII.

42. Plaintiff would further show that all of the acts and omissions described above and committed by Defendants herein were intentionally, willfully, maliciously committed with reckless disregard to the rights of others and, by reason hereof, Plaintiff sue for punitive damages in that such reasonably dangerous products were placed into the stream of commerce. The actions of Defendants amounted to entire want of care, such that said acts and omissions were the result of a conscious indifference to the rights or welfare of persons situated as the Decedent, John C. Moore .

43. Plaintiff further allege that such acts and omissions were negligent and a proximate cause of the Decedent, John C. Moore's injuries.

IX.

44. As a result of the repeated and extended exposure of Decedent, John C. Moore to Defendants' products, including asbestos fibers, Decedent, John C. Moore received injuries to his

respiratory system and body generally and damages far in excess of the jurisdictional limits are as follows:

(1) Decedent, John C. Moore had suffered a total reduction in his earning capacity and, his ability to work and seeks damages in such amounts as he may show reasonable under the circumstances.

(2) Decedent, John C. Moore had suffered extreme pain, both physical and mental, from the date of such exposure to his body.

(3) Decedent, John C. Moore sustained reasonable and necessary medical expenses to treat the condition arising from his exposure to Defendants' products in the past and, in reasonable medical probability, will continue to incur medical expenses for the rest of his natural life.

(4) Decedent John C. Moore, was forced to live with the fear, distress, and mental anguish cause by his knowledge of his increased risk of contracting mesothelioma, other pulmonary diseases, or other cancers of the lungs as a result of the Defendants, acts and/or omissions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendants be cited to appear and answer herein as required by law and that on final hearing hereof, Plaintiff have judgment against Defendants, jointly and severally, for such sums described above that they may show themselves justly entitled, including prejudgment interest at the highest legal rate, all in excess of the jurisdictional limits of this Court, for costs of suit, and for such other and further relief as they may show themselves justly entitled, either by law or in equity.

Respectfully submitted,

MOTLEY RICE, LLC
321 South Main St.
Providence, RI 02840
401-457-7700

Vincent Greene, Esq.
State Bar No. 5971

PLAINTIFF REQUESTS TRIAL BY JURY